```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 07-61459-CIV-ZLOCH
```

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                  **OMNIBUS ORDER**

PAUL WRUBLESKI and
SUE BALDWIN, in her official
capacity as DIRECTOR OF
COUNTY RECORDS, BROWARD
COUNTY, FLORIDA

     Defendants,

and

PAUL WRUBLESKI,

     Counter-Plaintiff,

vs.

UNITED STATES OF AMERICA,

     Counter-Defendant.
_____/

     THIS MATTER is before the Court upon Plaintiff/Counter-Defendant United States of America's Motion To Dismiss Counterclaim (DE 13); Plaintiff/Counter-Defendant United States of America's Motion For Judgment On The Pleadings (DE 15); Defendant/Counter-Plaintiff Paul Wrubleski's Motion To Strike (DE 14); and Defendant/Counter-Plaintiff Paul Wrubleski's Motion To Quash (DE 16).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

     Plaintiff/Counter-Defendant   United   States   of   America

(hereinafter "United States") initiated the above-styled cause against Defendants seeking, <u>inter</u> <u>alia</u>, injunctive relief and a declaratory judgment. Defendant/Counter-Plaintiff Paul Wrubleski (hereinafter "Wrubleski") included with his Answer (DE 6) a counterclaim seeking damages caused by the United States in the collection of back taxes owed by Wrubleski and to have the Court void judgments for unpaid taxes that were previously entered against him.

Wrubleski and the United States have had a long history of litigation and court filings, the weight of which centers on Wrubleski's failure to pay income taxes for the years 1998, 1999, and 2000. The IRS determined that Wrubleski owes income taxes in the amount of $28,354.00 for 1998, $10,618.00 for 1999, and $10,211.00 for 2000. The United States and Wrubleski then litigated the amounts and a myriad of other issues in several different forums, including the United States Tax Court, the Court of Appeals for the Eleventh Circuit, and the United States Bankruptcy Court for the Southern District of Florida. The instant action represents the first time that this matter has come before a United States District Court.

This action is distinct from those previously brought by the Parties. While Wrubleski litigated his rights in Tax Court and Bankruptcy Court, the Internal Revenue Service was represented by Associate Area Counsel Kenneth A. Hochman, Esq. (hereinafter

"Hochman").  During the bankruptcy action, Wrubleski filed an Affidavit for Notice of Appointment of Fiduciary in the public records of Broward County, Florida.  DE 1, Ex. 1.  The effect of this Notice was to appoint Hochman as Wrubleski's fiduciary in all matters with the IRS.  In the United States's Complaint (DE 1), it alleges that Hochman never authorized Wrubleski to appoint him as his fiduciary, and that the appointment was calculated to interfere with the enforcement of the laws of the United States and impede Hochman in the discharge of his duties.

The United States has included a sweeping prayer for relief in its Complaint (DE 1).  The relief sought falls into two categories: that which pertains to remedying Wrubleski's appointment of Hochman as fiduciary, and prospective relief that permanently enjoins Wrubleski from interfering with the enforcement of the internal revenue laws.  The latter category has several discrete subparts, that include enjoining Wrubleski from filing any other purported notice or other such document; from attempting to act in any manner that would interrupt or hinder any employee of the IRS in performance of his duties; and declare any other purported and all future notices or documents filed by or on behalf of Wrubleski null, void, and of no effect.  In his Answer (DE 6), Wrubleski admitted that "Hochman should no longer be burdened as my fiduciary in this now moot tax matter, and [I] agree to promptly rescind his appointment."  DE 6, ¶ 22.

3

The issue of whether to declare void Wrubleski's appointment of Hochman is conclusively decided by his Answer.  Further, it is within the Court's power to issue such a decree.  26 U.S.C. § 7402(a)(2006).  Turning to Wrubleski's counterclaim, given a liberal reading it seeks a judicial determination that the prior judgments of the Tax Court are void and that the IRS and its agents have caused him suffering through its persistent attempts to collect the taxes he owes.  Under either reading, Wrubleski's counterclaim is meritless.  The validity of the IRS's assessment has been conclusively litigated by the tax court and the Eleventh Circuit, and as such the Court will not interfere with their decisions regarding this matter.  <u>Wrubleski v. Commissioner</u>, 170 Fed. Appx. 591 (11th Cir. 2005).  In addition, the United States is immune from suit.  The limited waiver of sovereign immunity concerning IRS action mandates that to file such an action, a taxpayer must exhaust all administrative remedies within the IRS.  26 U.S.C. § 7433(d)(1); <u>see</u> <u>Conforte v. United States</u>, 979 F.2d 1375, 1377 (9th Cir. 1992); <u>Information Resources, Inc. v. United States</u>, 950 F.2d 1122, 1127-28 & 1128 n.4 (5th Cir. 1992).  Wrubleski admits in his Answer/Counterclaim that, "I have just been made aware of the foregoing law and procedure and was therefore unable to proceed with [26 U.S.C. § 7433(b)] until now with the filing of this document."  DE 6, ¶ 22.  Therefore, it shall be denied.  Further, Wrubleski's pleadings do not rise to the level of

behavior contemplated by § 7433(a).

The sole remaining issue is whether the Court should grant prospective relief for the United States and issue an injunction prohibiting Wrubleski from engaging in behavior that frustrates and impedes the United States Internal Revenue Service from collecting on its judgment against Wrubleski. The United States requests that the Court issue an injunction that essentially precludes Wrubleski from having access to the courts and other forms of judicial process. The effect of such an injunction would place this Court in the awkward position of being a gatekeeper, preventing Wrubleski from accessing the courts and other legal processes. Any time that Wrubleski had a grievance or a defense against the United States, the Internal Revenue Service, or its agents, Wrubleski would need leave from the injunction before he could file any action. If he failed to petition the Court, he could be guilty of criminal contempt for violating a court order. While this may have the desired effect of alleviating the tireless litigation surrounding Wrubleski and his persistent fight with the IRS, it would also work as an unhealthy check upon a United States citizen's access to the courts.

Courts reserve the issuance of such injunctions for only the most egregious cases of judicial abuse. See, e.g., Vinson v. Heckmann, 940 F.2d 114, 116-17 (5th Cir. 1991) (sua sponte issuing an injunction much like that proposed by the United States). The

typical case involves a prisoner who has exhausted his right to sue and continually files baseless suits or petitions, usually in an <u>in forma pauperis</u> capacity. <u>Lysiak v. Commissioner</u>, 816 F.2d 311, 313 (7th Cir. 1987). The cases cited by the United States in support of its position set a high bar for when a court will intervene to prevent a party from accessing the courts and void all future action by a party against the IRS. In both <u>United States v. MacElvain</u>, 858 F. Supp. 1096 (M.D. Ala. 1994) and <u>United States v. Van Dyke</u>, 568 F. Supp. 820 (D. Or. 1983), the parties being enjoined had committed a laundry list of personal attacks against IRS agents, including filing criminal complaints, placing "common-law liens," commercial notices, and notices of lien on the agents' property, as well as several other frivolous legal actions that personally attacked the agents in an effort to keep them from performing their jobs. <u>MacElvain</u>, 858 F. Supp. at 1101.

The extreme and disturbing actions taken in those cases is much different than the instant action. It is well noted that Wrubleski has exercised every possible avenue and appeal in an effort to defend himself from the IRS. However, none of his suits and appeals can be considered abusive filings of frivolous liens that attacked IRS agents in their personal capacity to intimidate them and dissuade them from attempting to collect on the IRS's judgment against Wrubleski. While Wrubleski has lost each and every appeal he has taken, this alone does not make his appeals a

6

matter of bad faith and malicious conduct.  Wrubleski's appointment of Hochman as his fiduciary was a single instance of childish and possibly bad faith litigation tactics.  However, upon receipt of the United States's Complaint in this action, Wrubleski admitted his fault and did not try to defend his actions.  Therefore, the Court shall deny the United States's request for an injunction against Wrubleski taking further redress to the courts against the IRS.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff/Counter-Defendant United States of America's Motion To Dismiss Counterclaim (DE 13) be and the same is hereby **GRANTED**;

2. Defendant/Counter-Plaintiff Paul Wrubleski's Counterclaim (DE 6) be and the same is hereby **DISMISSED** with prejudice;

3. The Court shall enter Final Judgment by separate Order;

4. Plaintiff/Counter-Defendant United States of America's Motion For Judgment On The Pleadings (DE 15) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

a. To the extent Plaintiff/Counter-Defendant's Motion For Judgment On The Pleadings (DE 15) seeks to declare the appointment of Kenneth A. Hochman, Esq., as fiduciary of Paul Wrubleski void, null, and of no further force and effect, it be and the same is hereby **GRANTED**;

7

  b. The Court shall enter a separate Final Judgment giving effect to said ruling;

  c. In all other respects Plaintiff/Counter-Defendant's Motion For Judgment On The Pleadings (DE 15) be and the same is hereby **DENIED**;

  5. Defendant/Counter-Plaintiff Paul Wrubleski's Motion To Strike (DE 14) be and the same is hereby **DENIED;** and

  6. Defendant/Counter-Plaintiff Paul Wrubleski's Motion To Quash (DE 16) be and the same is hereby **DENIED.**

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __3rd__ day of April, 2008.

           _____
           WILLIAM J. ZLOCH
           United States District Judge

Copies furnished:

All Counsel of Record

Paul Wrubleski, pro se
1588 Zenith Way
Weston, FL 33327